United States District Court
Middle District of Tennessee

United States of America, )
                          ) No. 3:16-cr-00162
v.                        ) Judge Trauger
                          )
James C. McWhorter        )

Declaration of
James C. McWhorter

I, James C. McWhorter, do hereby declare, under the penalty of perjury, that ~~that~~ the following statements are true and correct, based upon my personal knowledge, information, and belief:

1. That I am the Defendant in this case, that I am over the age of 18, and that I am a United States citizen;

2. I make this Declaration in support of my Motion for Pre-Trial Release, as a proffer of evidence;

3. I contracted Hepatitis-C in 2006;

4. The local detention centers I was housed at, Davidson Co, Grayson Co, and West Tennessee all refused to treat the Hep-C, saying I would not be there long enough;

5. I arrived at FCC Tucson in September 2010;

i

6. From October/November 2010, I constantly requested treatment in the BOP;

7. At FCC Tucson, I was told that they would "submit" a request for treatment, though my medical records show no request was submitted. However, the Doctor's Notes state that I wanted treatment, and would be submitted, I just never was;

    a. My viral load was 1.2 million;

8. At USP Lee, I was told they did not have a full-time doctor, so they could not provide treatment —— though the Doctor noted I wanted the treatment.

9. At USP Big Sandy, I was told that they would submit my treatment request for approval. They took my blood, ran tests, and allegedly submitted the paperwork.

    b. This was in ~~early~~ late 2013, early 2014. My viral load was 14.9 million;

10. In September 2014, USP Big Sandy medical staff informed me that I did not have enough time remaining on my sentence, so my treatment request was denied.

2

11. I was then transferred to FCI Three Rivers;

12. At FCI Three Rivers, I was told that they would resubmit my request;
    a. When the medical staff discovered I was scheduled to be released in June 2015 — this occurred in March 2015 — I was informed that they would not submit my request;

13. On June 15, 2015, I arrived at Diersen Charities in Nashville, Tennessee;
    a. Diersen does not provide any medical services, they only refer a resident to Meharry Hospital;
    b. Meharry informed me, via telephone, in July 2015, that they do not provide Hep-C treatment for inmates, and referred me to outside doctors;
    c. All of the doctors I spoke with in Nashville required either insurance, or prepayment of fees to be seen;
    d. The Affordable Health Care Act is not available to individuals in federal halfway houses;

14. Despite BOP Policy stating medical care continues at the halfway house, and statutes stating the same, no medical care is provided at Diersen, they only send people to clinics and Meharry, which all refuse to offer a $45,000.00 treatment to indigents;

15. All throughout my BOP medical file, I consistantly requested treatment and was denied;

16. In February 2014, I found Dr. VanderHayden, and he tested me again;
    a. My viral load was over 16 million then;

17. In March 2014, Dr. VanderHayden submitted me for approval through a program his office has;

18. In April/May 2014 I was approved, and scheduled to start treatment June 14, 2014;
    a. The program is either 12 or 16 weeks long;

19. In August 2016, I contacted Dr. VanderHayden's office through my fiancé, Jodi Johnson;
    a. I am still approved, can start immediately, and signed a HIPPA Release for their office to release my medical information to this Court;

20. Currently, my liver is swollen; it hurts to lean over, or back — anything that puts pressure on my liver;
    a. I am in constant low-level pain, and you can physically see my liver pressing out on my right side;

4

21. I am aware that my advisory Guideline Range is ~~12~~ 12-18 months. I am aware that if the court releases me, and I fail to appear, I will likely be ineligible for acceptance of responsibility reductions, face an additional 46-months under 18 U.S.C. § 3146 — which is mandated to be consecutive, and if I were to commit a crime, face an additional 10-years under 18 U.S.C. § 3147 — which is also mandated to be consecutive — in addition to any sentence for a criminal act;

22. While not categorically true, in my experience this Court stays within the advisory Guidelines. It would be insane to, literally, double my punishment to not appear, and risk an additional 10-year sentence if I committed a crime;

23. I have been drug and crime-free for close to a decade; and while not sufficient to excuse my failure to return — since I did not turn myself in — there was a legitimate reason for ~~the~~ not returning to the halfway house;

24. I need this treatment, quite badly, and my only reason for requesting pre-trial release is to take advantage of this treatment program that's being offered to me for virtually free, and has been denied to me for almost 10-years;

5

25. I have a suitable residence, can travel back and forth for court apperances, and can easily obtain employment.

So declared on this 28th day of August 2016, under penalty of perjury.

James C. McWhorter