UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA            )
                                    )
            v.                      )          No. 3:15-00162
                                    )          Judge Trauger
JAMES McWHORTER                     )

EXHIBIT "A"
to
Defendant's Supplemental Sentencing Memorandum


U.S. Sentencing Commission,
Proposed Amendments to the Sentencing Guidelines (Preliminary), at 3
(Dec. 9, 2016)(excerpt only)



---

# Proposed Amendments to the Sentencing Guidelines (Preliminary)

## December 9, 2016

This document collects the proposed amendments to the sentencing guidelines, policy statements, and commentary, in the "reader-friendly" form in which they were made available at the public meeting on December 9, 2016. As with all proposed amendments on which a vote to publish for comment has been made but not yet officially submitted to the Federal Register for formal publication, authority to make technical and conforming changes may be exercised and motions to reconsider may be made. Once submitted to the Federal Register, official text of the proposed amendments as submitted will be posted on the Commission's website at www.ussc.gov and will be available in a forthcoming edition of the Federal Register. In addition, an updated "reader-friendly" version of the proposed amendments as submitted will be posted on the Commission's website at www.ussc.gov.

The proposed amendments and issues for comment will be subject to a public comment period running through February 20, 2017 and a reply comment period running through March 10, 2017. Comments during the reply phase are limited to issues raised in the original comment period. Further information on the submission of public comment will be provided in the forthcoming edition of the Federal Register referred to above. Such information will also be available at www.ussc.gov.

# TABLE OF CONTENTS

PROPOSED AMENDMENT

1.  FIRST OFFENDERS / ALTERNATIVES TO INCARCERATION

2.  TRIBAL ISSUES

3.  YOUTHFUL OFFENDERS

4.  CRIMINAL HISTORY ISSUES

5.  BIPARTISAN BUDGET ACT

6.  ACCEPTANCE OF RESPONSIBILITY

7.  MISCELLANEOUS

8.  MARIHUANA EQUIVALENCY

9.  TECHNICAL

**PROPOSED AMENDMENT:**          **FIRST OFFENDERS / ALTERNATIVES TO INCARCERATION**

**Synopsis of Proposed Amendment:** The proposed amendment contains two parts (Part A and Part B). The Commission is considering whether to promulgate either or both of these parts, as they are not necessarily mutually exclusive.

### (A)    First Offenders

Part A of the proposed amendment is primarily informed by the Commission's multi-year study of recidivism, which included an examination of circumstances that correlate with increased or reduced recidivism. *See* United States Sentencing Commission, "Notice of Final Priorities," 81 FR 58004 (Aug. 24, 2016). It is also informed by the Commission's continued study of approaches to encourage the use of alternatives to incarceration. *Id*.

Under the Guidelines Manual, offenders with minimal or no criminal history are classified into Criminal History Category I. "First offenders," offenders with no criminal history, are addressed in the guidelines only by reference to Criminal History Category I. However, Criminal History Category I includes not only "first" offenders but also offenders with varying criminal histories, such as offenders with no criminal history points and those with one criminal history point. Accordingly, the following offenders are classified in the same category: (1) first time offenders with no prior convictions; (2) offenders who have prior convictions that are not counted because they were not within the time limits set forth in §4A1.2(d) and (e); (3) offenders who have prior convictions that are not used in computing the criminal history category for reasons other than their "staleness" (*e.g.*, sentences resulting from foreign or tribal court convictions, minor misdemeanor convictions or infractions); and (4) offenders with a prior conviction that received only one criminal history point.

Part A sets forth a new Chapter Four guideline, at §4C1.1 (First Offenders), that would provide lower guideline ranges for "first offenders" generally and increase the availability of alternatives to incarceration for such offenders at the lower levels of the Sentencing Table (compared to otherwise similar offenders in Criminal History Category I). Recidivism data analyzed by the Commission indicate that "first offenders" generally pose the lowest risk of recidivism. *See, e.g.*, U.S. Sent. Comm'n, "Recidivism Among Federal Offenders: A Comprehensive Overview," at 18 (2016), *available at* http://www.ussc.gov/research/research-publications/recidivism-among-federal-offenders-comprehensive-overview. In addition, 28 U.S.C. § 994(j) directs that alternatives to incarceration are generally appropriate for first offenders not convicted of a violent or otherwise serious offense. The new Chapter Four Guideline, in conjunction with the revision to §5C1.1 (Imposition of a Term of Imprisonment) described below, would further implement the congressional directive at section 994(j).

The new Chapter Four guideline would apply if [(1) the defendant did not receive any criminal history points under the rules contained in Chapter Four, Part A, and (2)] the defendant has no prior convictions of any kind. Part A of the proposed amendment sets forth two options for providing such an adjustment.

1

**Option 1** provides a decrease of [1] level from the offense level determined under Chapters Two and Three.

**Option 2** provides a decrease of [2] levels if the final offense level determined under Chapters Two and Three is less than level [16], or a decrease of [1] level if the offense level determined under Chapters Two and Three is level [16] or greater.

Part A also amends §5C1.1 (Imposition of a Term of Imprisonment) to add a new subsection (g) that provides that if (1) the defendant is determined to be a first offender under §4C1.1 (First Offender), (2) [the instant offense of conviction is not a crime of violence][the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense], and (3) the guideline range applicable to that defendant is in Zone A or Zone B of the Sentencing Table, the court ordinarily should impose a sentence other than a sentence of imprisonment in accordance with the other sentencing options.

Finally, Part A of the proposed amendment also provides issues for comment.


    **(B)    Consolidation of Zones B and C in the Sentencing Table**

Part B of the proposed amendment is a result of the Commission's continued study of approaches to encourage the use of alternatives to incarceration. *See* United States Sentencing Commission, "Notice of Final Priorities," 81 FR 58004 (Aug. 24, 2016).

The Guidelines Manual defines and allocates sentencing options in Chapter Five (Determining the Sentence). This chapter sets forth "zones" in the Sentencing Table based on the minimum months of imprisonment in each cell. The Sentencing Table sorts all sentencing ranges into four zones, labeled A through D. Each zone allows for different sentencing options, as follows:

> *Zone A.*—All sentence ranges within Zone A, regardless of the underlying offense level or criminal history category, are zero to six months. A sentencing court has the discretion to impose a sentence that is a fine-only, probation-only, probation with a confinement condition (home detention, community confinement, or intermittent confinement), a split sentence (term of imprisonment with term of supervised release with condition of confinement), or imprisonment. Zone A allows for probation without any conditions of confinement.

> *Zone B.*—Sentence ranges in Zone B are from one to 15 months of imprisonment. Zone B allows for a probation term to be substituted for imprisonment, contingent upon the probation term including conditions of confinement. Zone B allows for non-prison sentences, which technically result in sentencing ranges larger than six months, because the minimum term of imprisonment is one month and the maximum terms begin at seven months. To avoid sentencing ranges exceeding six months, the guidelines require that probationary sentences in Zone B include conditions of confinement. Zone B also allows for a term of imprisonment (of at least one month) followed by a term of supervised release with a condition of confinement (*i.e.*, a "split sentence") or a term of imprisonment only.

2

*Zone C.*—Sentences in Zone C range from 10 to 18 months of imprisonment. Zone C allows for split sentences, which must include a term of imprisonment equivalent to at least half of the minimum of the applicable guideline range. The remaining half of the term requires supervised release with a condition of community confinement or home detention. Alternatively, the court has the option of imposing a term of imprisonment only.

*Zone D.*—The final zone, Zone D, allows for imprisonment only, ranging from 15 months to life.

Part B of the proposed amendment expands Zone B by consolidating Zones B and C. The expanded Zone B would include sentence ranges from one to 18 months and allow for the sentencing options described above. Although the proposed amendment would in fact delete Zone C by its consolidation with Zone B, Zone D would not be redesignated. Finally, Part B makes conforming changes to §§5B1.1 (Imposition of a Term of Probation) and 5C1.1 (Imposition of a Term of Imprisonment).

Part B also amends the Commentary to §5F1.2 (Home Detention) to remove the language instructing that (1) electronic monitoring "ordinarily should be used in connection with" home detention; (2) alternative means of surveillance may be used "so long as they are effective as electronic monitoring;" and (3) "surveillance necessary for effective use of home detention ordinarily requires" electronic monitoring.

Issues for comment are also provided.