# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 3:07-cr-159-1 and |
| ) | 3:16-cr-162 |
| ) | Judge Trauger |
| JAMES MCWHORTER ) | |
| ) | |

## ORDER

The defendant has filed a Motion to Terminate Supervised Release (Docket No. 711), to which the government has responded in opposition (Docket No.713), and the defendant has filed a Reply (Docket No. 714).[1]

The defendant has served a little more than 1 year on supervised release. Assuming that it is true that he did not participate in misrepresenting himself to be an attorney on his law firm's website when he is not, he has done exceptionally well on supervised release, and the court is very pleased that he has gotten the medical attention that he needed.

The defendant has an extensive record of fraudulent activity and criminal convictions that may include such activity during the several months that he was in escape status from the halfway house. He represents that he has a stable home life, but this is his 4th marriage, so it is difficult for the court to believe that engaging in married life will necessarily contribute to his being a "changed man". The court is pleased that Mr. McWhorter has found lucrative, responsible employment with law firms, but cannot find that foreign trips to areas known as tax

---

[1]The defendant did not initially file his motion in his second criminal case in this district, 3:16-cr-162. However, the court agrees with the government that the motion should have been filed in both cases.

shelters to assist lawyers with "asset protection" is a necessary part of that employment. Travel within the United States has been readily approved by his probation officer, as has travel to visit with his children. The court is impressed that the defendant has enrolled in law school in some sort of California law school and wishes him success in that endeavor. However, the representations he makes about the importance of being off supervision for a significant period of time before he applies for admission to the California bar are not substantiated in the record and are insufficient to justify termination of his supervised release at this point.

The defendant's motion is DENIED without prejudice to renew it after he has been on supervised release for a full 2 years.

It is so **ORDERED**.

ENTER this 10th day of September 2018.

_____
ALETA A. TRAUGER
U.S. District Judge